IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIK ZONARS,

          CASE NO. 2:15-cv-2933

    Petitioner,

          JUDGE GEORGE C. SMITH
v.          MAGISTRATE JUDGE KEMP

WARDEN, ROSS CORRECTIONAL
INSTITUTION,

    Respondent.

## REPORT AND RECOMMENDATION

Petitioner, Erik Zonars, a state prisoner, has filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. §2254. The case is before the Court by way of the petition (Doc. 1) and Respondent's motion to dismiss (Doc. 6). For the following reasons, the Court recommends that the petition for a writ of habeas corpus be **DENIED** and that this action be **DISMISSED**.

### I. Procedural History

Because the motion to dismiss raises the question of whether Petitioner filed this action within one year of the date that his conviction became final - a requirement found in 28 U.S.C. §2244(d) - the Court's review of the procedural history will focus primarily on the dates when certain events occurred during the course of Petitioner's state court proceedings.

Petitioner was indicted in Franklin County, Ohio, on November 15, 2012. The indictment alleged 45 counts of criminal activity on the part of Petitioner and a co-

defendant ranging from aggravated robbery and burglary to having a weapon under a disability. Petitioner went to trial, was convicted of multiple offenses, and was sentenced to a total of 48 years of imprisonment. Doc. 6, Ex. 4.

He timely appealed. On May 13, 2014, the Tenth District Court of Appeals affirmed his convictions and sentences, *State v. Zonars*, 2014 WL 1912343 ((Franklin Co. App. May 13, 2014), although it did not file its judgment until a week afterwards. Doc. 6, Ex. 20. Petitioner had 45 days in which to perfect a timely appeal to the Ohio Supreme Court. He missed that deadline.

On September 10, 2014, Petitioner filed a motion for leave to take a delayed direct appeal to the Ohio Supreme Court. Doc. 6, Ex. 13. He explained that, due to circumstances beyond his control, including difficulties imposed by his incarceration, he could not file his appeal on time. The Ohio Supreme Court denied his motion on October 22, 2014. *See State v. Zonars*, 140 Ohio St.3d 1466 (Oct. 22, 2014).

Petitioner also moved to reopen his direct appeal under Ohio Appellate Rule 26(B). That motion was filed on February 18, 2015, and denied on March 19, 2015. Doc. 6, Exs. 15, 17, &18. Petitioner did not seek review by the Ohio Supreme Court. There are no other procedural facts which are relevant to the motion to dismiss.

## II. Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The two provisions which apply directly to Petitioner's case are §(d)(1)(A), which tells the Court how to decide when the one year starts to run, and §(d)(2), which tells the Court when an event has occurred which does not count against the one-year limitations period. The Court will look at each of these in turn.

First, the beginning. Petitioner pursued direct appeal of his conviction. That ended when the time expired for filing an appeal to the Ohio Supreme Court. Since, under Ohio law, a defendant who wants the Ohio Supreme Court to review a decision of an Ohio court of appeals has 45 days after the court of appeals rules on his case,

Petitioner had 45 days from May 20, 2014, the date of the court of appeals' judgment entry, to perfect his appeal. He did not, so the one-year period in which he could properly file a federal habeas corpus petition began to run on July 7, 2014, the first business day after the appeals time expired. At that point, the direct appeal process described in §(d)(1)(A) ended.

Next, applying §(d)(2), Petitioner's motion for leave to take a delayed appeal comes into play. He filed that motion on September 10, 2014. That stopped the clock at 64 (or, according to Respondent, 65) days. The Ohio Supreme Court denied it on October 22, 2014. That started the clock running again. Had Petitioner taken a timely appeal to begin with , he would have gotten the benefit of another 90 days from the Ohio Supreme Court's ruling, which is how long he would have had to file a petition for a writ of *certiorari* with the United States Supreme Court. *See Lawrence v. Florida*, 549 U.S. 327 (2007). But since he did not, and because the motion he filed in the Ohio Supreme Court is considered to be a request for collateral review which is covered by §(d)(2), he does not get the benefit of that additional time. *See Searcy v. Carter*, 246 F.3d 515 (6th Cir. 2001); *Lee v. Warden, Chillicothe Correctional Inst.*, 2009 WL 1911917, *1 (S.D. Ohio June 30, 2009)("state court motions for delayed appeal are considered to be post conviction or collateral proceedings, and the statute of limitations therefore is not tolled during the time period that petitioner could have filed a petition for a writ of certiorari to the United States Supreme Court from the Ohio Supreme Court's denial of such a motion").

Petitioner filed one additional motion in state court after October 22, 2014, namely his motion to reopen under Ohio Appellate Rule 26(B). It was filed on February 18, 2015. By that time, the limitations clock had been ticking for 172 (or 173) days. This motion, which was denied as untimely, probably did not stop the clock. Section (d)(2) refers to "a properly filed application for State postconviction or other collateral review," and an untimely motion is not considered to be "properly filed." *See, e.g., Parks v. Miller*, 2013 WL 3867804, *3 (S.D. Ohio July 25, 2013), *adopted and affirmed* 2013 WL 4457126 (S.D. Ohio Aug. 20, 2013)("Petitioner's application to reopen the appeal pursuant to Ohio Appellate Rule 26(B) and his petition for post-conviction relief did not toll the running of the statute of limitations under 28 U.S.C. § 2244(d), because the state courts denied both post-conviction filings as untimely"), citing *Pace v. DeGuglielmo*, 544 U.S. 408, 417 (2005). If that were the case, the limitations clock ran out 301 days after October 22, 2014, or on or about August 19, 2015 (Respondent says August 18, 2015), but either date comes before the filing of the petition, which was filed, at the earliest, on October 21, 2015, the date Petitioner signed it.

Even if the motion to reopen stopped the clock, the effect was short-lived. The court of appeals acted quickly on the motion, denying it on March 19, 2015 and entering judgment the same day. Under the most favorable interpretation of the law, that would add 29 days to the limitations period, making the last day for filing somewhere around September 18, 2015. Under this calculation, the Petition was still more than a month late.

As Respondent acknowledges, this statute of limitations is subject to what is known as "equitable tolling," a doctrine that recognizes that some circumstances make it unfair to hold a petitioner to the one-year filing deadline.  As the Court of Appeals explained in *Giles v. Beckstrom*, 826 F.3d 321, 325 (6th Cir. 2016),

> "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida,* 560 U.S. 631, 649, 130 S.Ct. 2549, 177 L.Ed.2d 130 (2010) (internal quotation marks and citation omitted). In order for the limitations period to be tolled equitably based on attorney error, which is the claim here, the error must be "far more serious" than "a garden variety claim of excusable neglect." *Id*. at 651–52, 130 S.Ct. 2549 (internal quotation marks and citation omitted).

In his petition, which is the only filing Petitioner has made (he did not respond to the motion to dismiss), Petitioner does not set forth any facts or make any argument about why he did not file on time, much less that he pursued his rights diligently and that some extraordinary circumstance prevented him from meeting the filing deadline.  Equitable tolling does not apply here.

Lastly, the bar of the one-year limitations period can be overcome if a petitioner makes a sufficient showing of actual innocence. *See, e.g., McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013).  Petitioner makes no such claim here, however, nor has he presented any facts not presented at his trial which would call the jury's verdicts into question.  Consequently, there is no valid basis for not applying the statute of limitations to bar Petitioner's claim.

### III.  Recommendation and Order

For the reasons stated above, the Court recommends that this action be **DISMISSED** because it was not timely filed as required by 28 U.S.C. §2244(d).

### IV.  Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                /s/ Terence P. Kemp
                                                United States Magistrate Judge